JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-09757-CBM-SSC | Date | January 13, 2025 |
|---|---|---|---|

| Title | *Shirley Huffman et al v. City of Los Angeles et al* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**    **IN CHAMBERS- ORDER RE: PLAINTIFF'S MOTION TO REMAND**

The matter before the Court is Plaintiffs' Motion to Remand.   (Dkt. No. 20.)

This action arises out of the death of Houston Tipping, an LAPD police officer who passed away after sustaining injuries during a five-day long training exercise, during which Plaintiffs allege other officers engaged in intentional acts of violence against Tipping.   (Dkt. No. 1-2 ("Huffman FAC"), ¶ 2; 1-4 ("Tipping FAC"), ¶¶ 17-23.)   Both Officer Tipping's mother and father brought separate lawsuits against Defendants in Los Angeles County Superior Court—Shirley Huffman's complaint was filed on December 7, 2022 and Richard Tipping's complaint was filed on June 14, 2023.   (Dkt. Nos. 1-1, 1-3.)   Both actions alleged claims for wrongful death, violation of the Bane Act, and battery; Huffman's complaint also alleged a claim for whistleblower retaliation (Cal. Lab. Code § 1102.5), and Tipping's complaint alleged claims for battery and violation of the First, Fourth, and Fourteenth Amendments under 42 U.S.C. § 1983.   (*Id.*)   The state court then determined the cases were related on December 12, 2023 and consolidated the cases on March 8, 2024.   (Dkt. No. 1-5.)   Following consolidation, both plaintiffs filed amended complaints, and Huffman's amended complaint, filed on October 28, 2024, included a cause of action under 42 U.S.C. § 1983.   (Dkt. No. 1-2.)   On November 12, 2024, Defendants removed the case to this Court on the grounds that the § 1983 claim in Huffman's amended complaint provides this Court with federal subject matter jurisdiction.   (Dkt. No. 1.)   On December 12, 2024, Plaintiffs filed the Motion.   On December 24, 2024, Defendants filed an opposition.   (Dkt. No. 21.)   On January 2, 2025, Plaintiffs filed a reply.   (Dkt. No. 22.)

28 U.S.C. § 1441 provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."   Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).   "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Id.*   There is a "strong

presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant bears the burden of establishing that removal is proper. *Hunter*, 582 F.3d at 1042. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days "after the receipt by the defendant, through service or otherwise," of (1) a copy of the initial pleading" which is removable on its face; or (2) "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

"Under California law, when two actions are consolidated 'for all purposes,' 'the two actions are merged into a single proceeding under one case number and result in only one verdict or set of findings and one judgment.'" *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 930 (9th Cir. 2015) (quoting *Hamilton v. Asbestos Corp.*, 22 Cal. 4th 1127 (2000).) "[T]he cases are to be treated as if the causes had been united originally." *Id*. Though *Bridewell-Sledge* examined subject matter jurisdiction under CAFA, "[c]ourts in this District have agreed that *Bridewell* applies outside of a CAFA analysis." *Halvorson v. W. Specialized, Inc.*, 2024 WL 4329107, at *2 (C.D. Cal. Sept. 9, 2024); *see also Longobardo v. Avco Corp.*, 2020 WL 1228396, at *2 (C.D. Cal. Mar. 12, 2020).

Here, Tipping's initial complaint included a § 1983 claim, and Defendants did not remove Tipping's case to federal court within 30 days of receipt of the complaint. Defendants argue that nothing in *Huffman's* initial complaint put Defendants on notice that the case was removable. But once Huffman and Tipping's cases were consolidated in March 2024 "for all purposes" (*see* Dkt. No. 1-5), the "two actions [were] merged into a single proceeding" and "are to be treated as if the causes had been united originally" for purposes of jurisdictional analysis. *Bridewell-Sledge*, 798 F.3d at 930. Defendants' failure to timely remove Tipping's case thus also bars Defendants from removing the consolidated matter now. Even if the 30-day removal period was not triggered by Tipping's initial complaint, at the very least, a review of both complaints at the time of consolidation would have put Defendants on notice that the consolidated matter included a § 1983 claim.[1] The March 8, 2024 order consolidating the cases thus constituted an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Defendants then had 30 days from March 8, 2024 to remove this case. Defendants did not remove the case until November 12, 2024.[2]

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand because Defendants' removal was untimely.

**IT IS SO ORDERED.**

---

[1] This does not, as Defendants argue, require an examination beyond "the four corners of the applicable pleadings"—once the cases were consolidated, the "applicable pleadings" included both Huffman's and Tipping's complaints. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

[2] Defendants' argument that Huffman "continued to litigate her exclusively state law case for another nearly eight months until she amended her complaint on October 28, 2024" is unavailing. (Opp. at 5.) "[T]he fact that the parties continue to file documents in the separate cases in state court does not alter that the Superior Court consolidated the actions 'for all purposes.'" *Halvorson*, 2024 WL 4329107 at *2.